IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID NISBET, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-cv-570-WKW |
| | ) | WO |
| JERRY LEO GEORGE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the defendants' Motion to Reconsider Leave to Amend Complaint or, in the Alternative, to Sever New Claims From Original Claims (Doc. # 28), filed on July 5, 2006, which has been construed by the Court as a motion for summary judgment as to the new claim added in the plaintiffs' amended complaint.[1]  For the following reasons, the Court finds that the motion is due to be GRANTED.

## I.  FACTS AND PROCEDURAL HISTORY

Defendant Jerry Leo George ("George") was employed as a truck driver for Heartland Express ("Heartland").  He was involved in a collision with plaintiff David Nisbet ("Nisbet") in which the tractor-trailer driven by Nisbet was rear-ended by the tractor-trailer driven by George.  In April 2005, Nisbet, along with his wife Daone Nisbet and his employer Grayson Towne Centre, Inc. (collectively "the plaintiffs"), filed a complaint in the Circuit Court of Henry County, Alabama, alleging negligence and wantonness against defendants George and Heartland, seeking damages for property damage, lost income, medical expenses, loss of consortium, and punitive damages.  The

---

[1]  (*See* Doc. # 29.)

defendants removed the case to this Court on June 14, 2005.

On May 2, 2006, the plaintiffs filed a motion to amend their complaint to add one count of negligent hiring, supervision and training.  The amendment was allowed by the Court.  The motion for summary judgment currently before the Court addresses only the one claim added in the plaintiffs' amended complaint.  This claim alleges that defendant Heartland "should have known through due diligence that [George] was not a safe driver when he was hired to operate the 18-wheeler truck for Heartland Express, Inc.," that Heartland "negligently failed to provide supervision" to George, and that Heartland "negligently failed to provide proper driver training" to George.  (Doc. # 27, Am. Compl. 4.)

## II.  JURISDICTION AND VENUE

Jurisdiction over this matter is asserted pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and 28 U.S.C. § 1441(a) (removal jurisdiction).  The parties do not contest personal jurisdiction or venue and the Court finds adequate allegations of both.

## III.  SUMMARY JUDGMENT STANDARD

Under Rule 56 (c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323.  The movant can

meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id*. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324.  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the court must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c).

## IV.  DISCUSSION

The Alabama Supreme Court has adopted the following definition of negligent supervision:[2]

> In the master and servant relationship, the master is held responsible for his servant's incompetency when notice or knowledge, either actual or presumed, of such unfitness has been brought to him. Liability depends upon its being established by affirmative proof that such incompetency was actually known by the master or that, had he exercised due and proper diligence, he would have learned that which would charge him in the law with such knowledge.  It is incumbent

---

[2]  The Court observes that there is no discernible distinction between claims of negligent supervision and claims of negligent training, thus the court treats these two claims as one. *See Zielke v. AmSouth Bank, N.A.*, 703 So. 2d 354, 358 n.1 (Ala. Civ. App. 1996).

> on the party charging negligence to show it by proper evidence. This
> may be done by showing specific acts of incompetency and bringing
> them home to the knowledge of the master, or by showing them to be
> of such nature, character, and frequency that the master, in the
> exercise of due care, must have had them brought to his notice.

*Armstrong Bus. Servs., Inc. v. AmSouth Bank*, 817 So. 2d 665, 682 (Ala. 2001) (citations omitted).

Further, "negligence is not synonymous with incompetency, and a single instance of negligence will

not prove an employee incompetent, nor will it impute knowledge to his employer of incompetency;

the most competent employee may be negligent." *Collins v. Wilkerson*, 679 So. 2d 1100, 1103 (Ala.

Civ. App. 1996) (upholding lower court's granting of summary judgment as to negligent supervision

claim even where the question of the employee's own negligence was a question of fact for the jury).

A negligent hiring claim requires that the plaintiff establish by affirmative proof that the employer

actually knew or should have known of the employee's incompetence prior to hiring the employee.

*See generally, Galactic Employer Servs., Inc. v. McDorman*, 880 So. 2d 434, 445-446 (Ala. Civ.

App. 2003).

Here, the plaintiffs have made the following allegations in support of their claim of negligent

hiring, supervision and training:

(1)     Heartland never asked George if he used illegal drugs and did not have
        George drug tested following the accident as required by federal regulations;
(2)     George was not wearing his seatbelt when the accident occurred;
(3)     George was distracted either by his cell phone, a CD player or a television at the time
        the accident occurred;
(4)     Heartland told George "he could not come back to work because they had too many
        rear-end accidents," and that Heartland "did not fire" George;
(5)     George was a diabetic, but Heartland did not monitor his condition; and
(6)     George had no trouble getting another job after the accident in question.

(Doc. # 32.)  Plaintiffs, however, failed to present any evidence in support of these allegations.

Moreover, only the fourth allegation listed above is relevant to the claim of negligent hiring,

supervision and training.  The issue of hearsay notwithstanding, if Heartland knew that George had been responsible for "too many rear-end accidents," this may indicate that Heartland had reason to know George was not a competent employee at the time he was hired.  However, this is not what the plaintiffs have reported; their retelling of the remark would indicate that Heartland, not George, was accident-prone.[3]  Assuming this argument constitutes competent evidence, it does not support a cause of action for negligent hiring, supervision and training.  Accordingly, the plaintiffs' conclusory arguments are insufficient to establish a genuine issue of material fact as to the claim at issue.  *See Law v. Tillman*, 2001 WL 103304, *7 (S.D. Ala. 2001) ( "[C]onclusory statements of ultimate facts . . . are not considered competent evidence to defeat summary judgment.")  The Court therefore finds that the defendants' motion for summary judgment as to plaintiffs' claim for negligent hiring, training and supervision is due to be granted.

## V.  CONCLUSION

For the reasons set forth above, it is hereby ORDERED that the defendants' Motion for Summary Judgment (Doc. # 28) is GRANTED and Count VII of the Amended Complaint (Doc. # 27) is hereby DISMISSED.

It is further ORDERED that the defendants' Motion to Strike (Doc. # 41) is DENIED as MOOT.

DONE this the 11th day of August, 2006.


/s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[3]  Further, the plaintiffs have confused this point by stating that Heartland told George he "could not come back to work" while at the same time stating that Heartland "did not fire" George.