IN THE UNITED STATES DISTRICT COURT OF ALABAMA
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DAVID NISBET, DAONE NISBET and )
GRAYSON TOWNE CENTRE, INC., )
                                            )
        Plaintiffs, )
                                            )
vs.                                         )    Case No.: 1:05-CV-570-WKW
                                            )                WO
JERRY LEO GEORGE and )
HEARTLAND EXPRESS, INC., )
                                            )
        Defendants. )

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on July 31, 2006, wherein the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

    William P. Sawyer and David Allred for the Plaintiffs

    Eugene Stutts & Thomas Hiley for the Defendants

    COUNSEL APPEARING AT PRETRIAL HEARING:

    (same as trial counsel)

2. JURISDICTION AND VENUE:

    Venue is proper and the Court has jurisdiction

3. PLEADINGS:

    The following pleadings and amendments were allowed:

    Plaintiffs' complaint and amended complaint

    Defendants' answer

    Defendants' motion to strike

4. <u>CONTENTIONS OF THE PARTIES</u>:

    (a)    The Plaintiff(s)

    Plaintiffs allege that defendants were guilty of negligence and wantonness in causing the collision which injured the Plaintiff

    (b)    The Defendant(s)

    General denial of liability

5. <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

    (a)    The accident made the basis of this suit occurred on U.S. Highway 431 in Headland, Alabama on March 14, 2005 at 11:05 p.m. central standard time.

    (b)    March 14, 2005 was on a Monday.

    (c)    The accident occurred at the intersection of U.S. Highway 431 and Alabama Highway 134.

    (d)    It was not raining at the time of the accident.

    (e)    Highway 431 was a four lane highway going generally north and south.

    (f)    Highway 431 had two lanes in the direction of travel, the traveling surface of which totaled 24 feet wide.

    (g)    The opposing lane of Highway 431 was generally the same width.

    (h)    The northbound and southbound lanes of Highway 431 were separated by a median of approximately 53 feet.

    (i)    That David Nisbet was operating the tractor trailer rig which he occupied at the time of the accident.

    (j)    That Jerry Leo George was operating the tractor trailer rig that he was occupying at the time of the accident.

    (k)    That Heartland Express owned the rig operated by George at the time of the accident.

    (l)    That George was acting as an agent, servant or employee of Heartland Express at the time of the accident made the basis of this suit.

(m) That George was acting within the line and scope of his duties as a driver for Heartland Express at the time of the accident.

(n) That the Heartland rig was traveling in the same direction of the Nisbet rig at the time of impact.

(o) That Officers Yeomans and Little investigated the accident.

(p) That the weather was clear at the time of the accident.

(q) That the roadway leading up to the accident intersection was straight and level.

(r) That there was no material or defect in the roadway which contributed to the accident.

(s) That there was no mechanical defect or malfunction in the Heartland Express rig which caused or contributed to the accident.

(t) That the Heartland rig was hauling freight at the time of the accident.

(u) That the gross weight of the Heartland rig at the time of the impact was 70,000 to 75,000 pounds.

6. **ORDER OF THE COURT**

It is hereby ORDERED that:

a. The jury selection for this case is set for August 28, 2006, at 10:00 a.m. at the United States Courthouse, in Dothan, Alabama.

b. The trial in this case will commence on August 28, 2006, and will take from two to three days.

c. A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term.

d. The parties shall file any motions in limine, fully briefed, on or before August 14, 2006.

e. The parties shall file any requested voir dire questions and any proposed jury instructions and verdict forms with legal citations thereon, on or before August 14, 2006.

f. The jury will consist of eight jurors. Each party is entitled to four strikes. There will be no back striking.

g. The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before August 21, 2006.

h. If either party intends to call a witness who is currently incarcerated, that party must notify the Court at least 10 days before trial.

i. Each party shall submit at the time of trial, for use by the court (the judge, law clerk, and courtroom deputy), three copies of the witness list, exhibit list, and notebook of pre-marked exhibits.

j. Each party shall submit a sufficient number of copies of exhibits for each of the jurors and opposing counsel.

k. The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

l. All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 5) entered by the Court on July 12, 2005.

m. The parties have indicated that there are no other disputes at this time. All understandings, agreements, deadlines, and stipulations contained in this Order shall be binding on all parties unless modified by the Court.

DONE this the 21st day of August, 2006.

                                         /s/ W. Keith Watkins
                                 UNITED STATES DISTRICT JUDGE